**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JON FILIPKOWSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17 C 8013 |
| ) | |
| KIM SMITH, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a jury trial in the Circuit Court of Cook County, Jon Filipkowski was convicted of four counts of aggravated criminal sexual abuse and one count of traveling to meet a minor, and the trial judge sentenced him to a term of imprisonment of twenty years. He has filed a petition for a writ of habeas corpus under 28 U.S.C § 2254. For the reasons stated below, the Court denies the petition.

## Background

The following information is drawn from the Illinois Appellate Court's opinions in Filipkowski's case as well as the record of the trial court proceedings.

In April 2010, when Filipkowski was thirty-two years old, he met a developmentally disabled thirteen-year-old girl named A.T. on a website called teenvideochat.com. He used a fake name and told A.T. he was thirteen. The two began having extensive phone and text message conversations that soon turned sexually explicit. Eventually, he revealed his true name and age to A.T., and although

she was initially disgusted, she continued speaking with him because she had no other friends.

About two months after he began speaking to A.T., Filipkowski traveled from Florida to meet her in her hometown of Mokena, Illinois. He took A.T. to a motel room where he performed oral sex on her against her will. Two days later, he brought A.T. and her friend M.S. back to his motel room, gave the girls large amounts of alcohol, and physically forced A.T. to have vaginal intercourse.

Filipkowski was arrested and charged with four counts of aggravated criminal sexual abuse and one count of traveling to meet a minor. A.T. and M.S. testified at his trial, as did A.T.'s older sister and several law enforcement officers. A jury convicted him on all counts, and the judge imposed an aggregate sentence of twenty years in prison.

Filipkowski appealed his conviction and sentence, arguing that the trial court erred by permitting A.T.'s sister to testify about a conversation on which she unlawfully eavesdropped. Two judges on the panel agreed but found that the error was harmless. *See People v. Filipkowski*, 2014 IL App (3d) 120120-U, ¶¶ 38-40 (Schmidt, J., specially concurring); *id.* ¶¶ 41-43 (Holdridge, J., specially concurring). Filipkowski also argued that the trial judge abused its discretion by imposing consecutive sentences, but the Appellate Court rejected that contention. *Id.* ¶¶ 29-33.

Filipkowski, represented by counsel, filed a petition for post-conviction relief. The trial court summarily dismissed the petition at the first stage. *People v. Filipkowski*, 2016 IL App (3d) 150698-U, ¶ 17. He appealed, arguing that he had raised non-frivolous claims for relief based on ineffective assistance of counsel, denial of a

discovery request, and unlawful sentencing. The Appellate Court rejected each of his arguments and affirmed the dismissal. *See id.* ¶ 1. He then filed a petition for leave to appeal to the Illinois Supreme Court, which that court denied. *See People v. Filipkowski*, 84 N.E.3d 365 (2017).

Filipkowski has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

## Discussion

A state prisoner is entitled to a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[A] federal court may grant habeas relief after a state-court adjudication on the merits only when that decision (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Schmidt v. Foster*, 911 F.3d 469, 476-77 (7th Cir. 2018) (quoting 28 U.S.C. §§ 2254(d)(1), (2)).

**A.     Ineffective assistance**

To prevail on his claims that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments, Filipkowski must show "(1) that the attorney provided constitutionally deficient performance; and (2) that the deficient performance prejudiced the defense." *Reynolds v. Hepp*, 902 F.3d 699, 704 (7th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). When a petition for a writ of habeas corpus alleges ineffective assistance of counsel, the Court "begin[s] with

3

the presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Pole v. Randolph*, 570 F.3d 922, 941 (7th Cir. 2009).

1. **Right to testify at trial**

Filipkowski first contends that his trial attorney coerced him into refusing to testify, violating his right to effective assistance of counsel. The trial transcript reflects, however, that Filipkowski expressly waived his right to testify in a colloquy with the trial court:

> THE COURT: You do understand that you have a right to testify and nobody can keep you off that witness stand, not your lawyer, not the state's attorney, not me, nobody? Do you understand that?
> THE DEFENDANT: Understood, your Honor.
> THE COURT: There's nobody that can force you to testify either; do you understand that?
> THE DEEFNDANT: Yes. I do.
> …
> THE COURT: Has anybody promised you anything to keep you from testifying in this case?
> THE DEFENDANT: No, your Honor.
> THE COURT: Has anybody forced you, threatened you, coerced you in any way to keep you from testifying?
> THE DEFENDANT: No.
> THE COURT: Is your decision to not testify your free and voluntary act after consultation with your attorney?
> THE DEFENDANT: Yes. It is.

Trial Tr., dkt. no. 10-15, at 140-42.

On appeal from the dismissal of Filipkowski's post-conviction petition, the Illinois Appellate Court rejected Filipkowski's argument that he had been coerced to give up his right to testify, reasoning that his "own statements on the record refute his claims" of coercion. *People v. Filipkowski*, 2016 IL App (3d) 150698-U, ¶ 28. That decision was not unreasonable. The Seventh Circuit has held that express waivers of the right to testify like the one Filipkowski made to the trial court are more than sufficient. *See*

4

*United States v. Jones*, 844 F.3d 636, 646 (7th Cir. 2016) ("Jones's unqualified 'yes' answer during the third colloquy was an unequivocal waiver of his right to testify."); *Thompson v. Battaglia*, 458 F.3d 614, 619 (7th Cir. 2006). And because Filipkowski averred on the record that he waived the right to testify freely and voluntarily, his bare allegation that his lawyer's conduct was coercive, without more, is insufficient to entitle him to relief. *Thompson*, 458 F.3d at 619 ("[A] barebones assertion by a defendant, albeit made under oath, is insufficient; something more, such as an affidavit from the lawyer who allegedly forbade his client to testify, is required." (internal quotation marks omitted)).

### 2. Right to testify at sentencing

Filipkowski argues that his trial attorney also rendered ineffective assistance by failing to advise him of his right to testify at sentencing. He contends that he wished to allege in his allocution during the sentencing hearing that the state's psychiatric evaluator had fabricated her report, but that his attorney dissuaded him from doing so by telling him that his unsworn testimony would not be persuasive.

The Illinois Appellate Court reasonably rejected this argument in upholding the dismissal of Filipkowski's post-conviction petition. In *Milone v. Camp*, 22 F.3d 693 (7th Cir. 1994), the Seventh Circuit stated that "there is no constitutional right to testify at one's own sentencing." *Id.* at 704 (citing *Hill v. United States*, 368 U.S. 424, 426 (1962)). In his petition for leave to appeal to the Illinois Supreme Court, Filipkowski suggested that *Milone* is no longer good law because in one subsequent case the Seventh Circuit apparently assumed that there exists a right to testify at sentencing. *See* Pet. for Leave to Appeal, dkt. no. 10-12, at 14-15 (citing *Canaan v. McBride*, 395

F.3d 376 (7th Cir. 2005)). But even if this unstated assumption in *Canaan* suffices to overrule *Milone*—which is far from clear—the Illinois Appellate Court's decision was not contrary to and did not involve an unreasonable application of "clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Parker v. Matthews*, 567 U.S. 37, 48 (2012) ("[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

### 3. Ineffective assistance of appellate counsel

Filipkowski also argues that his appellate lawyer rendered ineffective assistance by failing to argue on direct appeal that the trial court improperly restricted the scope of cross-examination of a key witness. That witness, a minor named M.S., was present when Filipkowski forcibly had intercourse with A.T. Filipkowski contends that the trial court prevented his attorney from questioning M.S. about two subjects: first, her mental health issues, including her psychiatric hospitalization during the trial; and second, an incident in which she accused a man in Michigan of sexual misconduct. He argues that appellate counsel should have raised this issue on direct appeal.

Filipkowski asserted his claim of ineffective assistance of appellate counsel in his post-conviction petition and on appeal from the dismissal of that petition. The Illinois Appellate Court concluded that the issue lacked merit because "the trial court did not restrict defense counsel's cross-examination of M.S. in any fashion" and thus there was no issue for counsel to assert on direct appeal. *Filipkowski*, 2016 IL App (3d) 150698-U, ¶ 37. This Court presumes the correctness of that finding under section 2254(e)(1). 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall

be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *see also Parker v. Dugger*, 498 U.S. 308, 320 (1991) (holding that "a determination of what the trial judge found is an issue of historical fact" entitled to deference); *Wright v. Walls*, 288 F.3d 937, 944 (7th Cir. 2002) (noting that it is an "unassailable" proposition that "a reviewing court's characterization of what the trial judge found is one of historical fact").

The record bears out the Appellate Court's conclusion. After investigating the Michigan incident, the prosecutor told the trial court that he had spoken with Filipkowski's attorney and they had determined that they were "done with that issue." Trial Tr., dkt. no. 10-14, at 186. Then, at the trial court's prompting, Filipkowski's attorney confirmed that there was "[n]o issue there anymore." *Id.* at 187. This exchange shows that the trial judge did not restrict the scope of cross-examination but that instead Filipkowski's attorney made a decision not to question M.S. about the Michigan incident. And with respect to M.S.'s mental health hospitalization, the record similarly reflects that Filipkowski's attorney agreed to have the prosecutor elicit that information on direct examination. After the prosecutor informed the court about his plan to question M.S. about her mental health issues, the court asked for Filipkowski's attorney's opinion. The parties discussed exactly which subjects the prosecutor would broach, and Filipkowski's attorney ultimately agreed, saying "Yeah. That's fine." *Id.* at 465. Because the trial record indicates that Filipkowski's attorney voluntarily elected not to cross-examine M.S. about the topics in question, Filipkowski has not shown by clear and convincing evidence that the Appellate Court's finding was incorrect.

Because the Court must presume that the trial court did not restrict the cross-

examination of M.S., Filipkowski's claim for ineffective assistance of appellate counsel cannot succeed. To prevail, he must show that his appellate lawyer failed to argue "an issue that is both obvious and clearly stronger than the issues actually raised." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (internal quotation marks omitted). In this case, the argument Filipkowski contends his appellate lawyer should have made lacks any merit because it seeks to challenge rulings that the trial court did not make. By necessity, an argument lacking in merit is not "clearly stronger" than the issues his attorney actually raised, and Filipkowski's claim for ineffective assistance of appellate counsel therefore fails.

**B.**     ***Brady* violation**

Filipkowski next argues that the prosecutors withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He argues that his computer, which was in the government's custody during the trial, contained a log of communications between himself and A.T. that would have shown that the two had no sexual contact.

Without addressing potentially serious problems with the merits of this argument—such as the undisputed fact that the prosecutors never saw what was on the computer because it was encrypted—the Court concludes that Filipkowski's claim fails because it is defaulted. Before seeking a writ of habeas corpus in federal court, a state prisoner must present his federal claims "to the state courts so that the state has a fair opportunity to consider the issues and to correct that asserted constitutional defect." *Reynolds*, 902 F.3d at 705 (internal quotation marks omitted). This entails raising "both the operative facts and the controlling legal principles in the state courts." *Id.* In this case, Filipkowski did not make a constitutional argument to the state court about non-

8

disclosure of the communications log; instead, he argued that the prosecutors had violated state evidentiary rules. *See* Filipkowski's Post-Conviction Appeal Br., dkt. no. 10-8, at 25 ("Petitioner conceded that he had insufficient facts to state what he anticipated would be a due process claim . . . ."); *Filipkowski*, 2016 IL App (3d) 150698-U, ¶ 40 ("We emphasize defendant does not contend a *Brady* violation preceded the trial.").

Although a petitioner may raise defaulted claims in a habeas corpus petition "by showing cause for the default and prejudice from a violation of federal law," *Martinez v. Ryan*, 566 U.S. 1, 10 (2012), Filipkowski has not identified any cause for the default. He argues instead that precluding his *Brady* claim would result in a miscarriage of justice. But to skirt the exhaustion requirement on the basis of a miscarriage of justice, the petitioner bears a substantial burden: he must put forth new evidence to "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Smith v. McKee*, 598 F.3d 374, 387-88 (7th Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Because Filipkowski has not introduced any new evidence of innocence, he cannot meet that burden.

Filipkowski also seems to suggest that his trial attorney rendered ineffective assistance by failing to follow up on his requests to obtain the computer. *See* Filipkowski's Reply, dkt. no. 13, at 7. But because Filipkowski never made this argument to the state court, it is similarly defaulted without an excuse.

**C. Term of supervised release**

Filipkowski argues that his due process rights were violated when the Illinois Department of Corrections changed his sentence to include a two-year term of supervised release that was not included in the trial court's original sentence. This claim lacks merit; the Seventh Circuit rejected substantially the same argument in *Carroll v. Daugherty*, 764 F.3d 786 (7th Cir. 2014), reasoning that "[b]ecause Illinois's statute made supervised release mandatory, the omission of supervised release from the judgment did not make the sentence unlawful." *Id.* at 788.

Filipkowski argued to the Illinois Appellate Court that *Carroll* does not defeat this claim because the statute mandating supervised release was amended to require that "the parole or mandatory supervised release term shall be written as part of the sentencing order." Filipkowski's Post-Conviction Appeal Br., dkt. no. 10-8, at 27 (quoting 730 Ill. Comp. Stat. 5/5-8-1(d) (2012)). But the court in *Carroll* also explained that even if there had been a constitutional error, it was corrected when the Department of Corrections modified the defendant's predicted discharge date. *Carroll*, 764 F.3d at 790. Because any error in the failure to include the supervised release term in Filipkowski's sentence was corrected, he was not deprived of "life, liberty, or property without due process," *id.*, and his claim therefore fails.

**D. Eavesdropping evidence**

Filipkowski next argues that the trial court improperly admitted evidence obtained by eavesdropping in violation of Illinois law. He points out that a majority of a panel the Illinois Appellate Court accepted this argument on direct appeal, though the court held that the error was harmless. *See People v. Filipkowski*, 2014 IL App (3d) 120120-U, ¶¶

38-40 (Schmidt, J., specially concurring); *id.* ¶¶ 41-43 (Holdridge, J., specially concurring). But because this claim concerns only a violation of Illinois statutes, not of the federal constitution or laws, it cannot support Filipkowski's habeas corpus petition. *King v. Pfister*, 834 F.3d 808, 814 (7th Cir. 2016) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

E.  **Consecutive sentencing**

Finally, Filipkowski argues that the trial court erred in imposing consecutive sentencing because it incorrectly weighed the evidence. This claim has no apparent basis in federal law, and any potential federal issue is defaulted because Filipkowski argued to the Illinois Appellate Court only that his consecutive sentences violated Illinois law. *See* Filipkowski's Direct Appeal Br., dkt. no. 10-2, at 29-36; *see also People v. Filipkowski*, 2014 IL App (3d) 120120-U, ¶¶ 29-33 (applying Illinois law to Filipkowski's argument on direct appeal). And as with his *Brady* claim, Filipkowski has failed to show either cause and prejudice or a miscarriage of justice that would permit him to raise a new federal claim for the first time in a habeas corpus petition.

**Conclusion**

For the foregoing reasons, the Court denies Filipkowski's petition for a writ of habeas corpus [dkt. no. 1]. The Court declines to issue a certificate of appealability because it concludes that Filipkowski has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgment in favor of respondent.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 25, 2019